James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@bandlpc.com
E-Mail:  klussier@bandlpc.com

Attorneys for Plaintiff CHANEL, INC.


Sarkis Sirmabekian (State Bar No. 278588)
LAW OFFICES OF SARKIS SIRMABEKIAN
705 E. Broadway
Glendale, California 91205
Telephone: (818) 450-4768
Email:  sbekian@gmail.com

Attorneys for Defendants LULU'S TREASURE, INC.,
HARUTIUN KRATIAN and MARY KRATIAN

JS-6

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>            Plaintiff,<br>v.<br><br>LULU'S TREASURE, INC., a<br>California corporation, HARUTIUN<br>KRATIAN a/k/a SAM, an individual,<br>and MARY KRATIAN a/k/a MARY<br>K, an individual, individually and<br>jointly d/b/a LULU'S TREASURE and<br>DOES 1-10,<br><br>            Defendants. | Case No. CV 12-9671 GAF (CWx)<br><br>**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

- 1 -
**STIPULATED CONSENT JUDGMENT
AND PERMANENT INJUNCTION**

Plaintiff, Chanel, Inc. ("Chanel") and Defendants Lulu's Treasure, Inc., a California corporation, Harutiun Kratian a/k/a Sam, an individual, and Mary Kratian a/k/a Mary K, an individual, individually and jointly, d/b/a Lulu's Treasure (collectively "Defendants") stipulate and consent to the following:

**WHEREAS**, the Defendants Lulu's Treasure, Inc. and Mary Kratian adopted and began using trademarks in the United States which infringe and dilute the distinctive quality of Chanel's various registered trademarks: CHANEL and as identified in Paragraph 7 of Chanel's Verified Complaint;

**WHEREAS**, Lulu's Treasure, Inc.'s and Mary Kratian's use of names and marks which are identical to, or substantially indistinguishable from, the Chanel Marks is likely to cause confusion as to source or origin of the Lulu's Treasure, Inc.'s and Mary Kratian's products, and will further dilute the distinctive quality of the Chanel Marks;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendants and their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks;

    B. using the Chanel Marks in connection with the sale of any unauthorized goods;

C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

D. falsely representing the Defendants as being connected with the Plaintiff, through sponsorship or association,

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, costume jewelry, including, bracelets, earrings and necklaces;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or

- 3 -
**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

displaying of all unauthorized products which infringe the Chanel Marks; and

J.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2.  Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by the Defendants to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3.  The claims for relief between Chanel and the Defendants are hereby dismissed, subject to the terms of the Settlement Agreement between the parties. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4.  The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5.  This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6.  All infringing and counterfeit Chanel branded products seized on November 20, 2012 and/or any Chanel branded products currently in the possession, custody and/or control of the Defendants required to be surrendered to

Chanel under the terms of the parties' settlement, shall be destroyed under the direction of Chanel.

**IT IS SO ORDERED.**

Dated: June 11, 2013

JS-6

_____
GARY A. FEESS
United States District Judge

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Lussier (the "business"), 1901 Avenue of the Stars, Suite 1060, Los Angeles, California 90067.

On June 11, 2013, I caused the following document(s) to be served: **[PROPOSED] STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Sarkis Sirmabekian, Esq.
> Law Offices of Sarkis Sirmabekian
> 705 E. Broadway
> Glendale, CA 91205
> **Counsel for Plaintiffs**

**_X_  BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

___  **BY FACSIMILE TRANSMISSION:** I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

___  **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

___  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

___  (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**_X_**  (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 11, 2013, at Los Angeles, California.

./s/ Deborah K. Diederich
Deborah K. Diederich

- 6 -
**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**